**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Finn MacCool, | No. 03-0766-PHX-DGC (MS) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendant. | |

Pending before the Court are Plaintiff's motion for summary judgment, Defendants' motion to dismiss, and Defendants' second motion for summary judgment. Docs. ##126, 105, 148. For the reasons set forth below, Defendants' second motion for summary judgment will be granted, Plaintiff's motion for summary judgment will be denied, and Defendants' motion to dismiss will be denied as moot.[1]

**Background**

In 1997, while Plaintiff was incarcerated in Arizona, the Arizona Department of Corrections ("ADOC") validated him as a member of a Security Threat Group ("STG") based on ADOC's determination that Plaintiff was a member of the Aryan Brotherhood.

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Plaintiff was transferred to SMUII, a maximum security prison designed to isolate STG members from the general prison population for security reasons. Plaintiff was transferred from SMUII to the New Jersey prison system in 1999 pursuant to Arizona's Interstate Compact Agreement with New Jersey ("ICA").

Plaintiff filed his amended complaint on January 29, 2004, alleging three counts: (1) violation of due process, (2) cruel and unusual punishment in violation of the Eighth Amendment, and (3) retaliation for failure to debrief and excess force in violation of the Eighth Amendment. Doc. #11. On March 2, 2005, the Court granted Defendants' motion to dismiss, construed as a motion for summary judgment, on Count I of the complaint. Doc. #86. The Court also granted partial summary judgment on Counts II and III insofar as they stated time-barred claims based on Defendants' acts prior to April 23, 2001. *Id.* The Court denied summary judgment on Counts II and III for claims arising after April 23, 2001. *Id.* Plaintiff's motion for summary judgment was denied on all claims. *Id.* Both parties filed motions for reconsideration, which the Court denied. Docs. #87, 89, 94.

## Discussion

### I. Defendants' Motion for Summary Judgment

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The initial burden is on the moving party to show an absence of genuine issues of material fact. *Celotex Corp.*, 477 U.S. at, 325. Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. Similarly, to preclude summary judgment the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

1     **A. Qualified Immunity.**

2     Defendants argue that they are entitled to qualified immunity. Doc. #148. Qualified
3 immunity, however, bars only a suit for damages. "Qualified immunity . . . does not bar
4 actions for declaratory or injunctive relief." *Los Angeles Police Protective League v. Gates*,
5 955 F.2d 1469, 1472 (9th Cir. 1993) (quoting *Am. Fire, Theft & Collision Managers, Inc. v.*
6 *Gillespie,* 932 F.2d 816, 818 (9th Cir. 1991)). Plaintiff's complaint seeks only injunctive
7 relief. Doc. #6 at 2. Accordingly, Defendants cannot be granted summary judgment on the
8 basis of qualified immunity.

9     **B. Cruel and Unusual Punishment – Count II.**

10     Count II alleges that Plaintiff's transfer to New Jersey amounts to cruel and unusual
11 punishment because his "isolat[ion] from his family and friends" constitutes "punitive
12 isolation" and Defendants are responsible for him being there. Doc. #11. Plaintiff further
13 asserts that Defendants transferred him to the New Jersey prison, with its "predominantly
14 Black population," with the intent of causing Plaintiff harm in violation of the Eighth
15 Amendment. Doc. #11.

16     Where conditions of confinement are at issue, a prison official violates the Eighth
17 Amendment only when two requirements are met. "First, the deprivation alleged must be,
18 objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting
19 *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a
20 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). "In prison-
21 condition cases that state of mind is one of 'deliberate indifference' to inmate health or
22 safety." *Id.* (quoting *Wilson*, 501 U.S. at 302-303).

23     Plaintiff has failed to show that his transfer to New Jersey is sufficiently serious to
24 constitute an Eighth Amendment violation. The Constitution "does not mandate comfortable
25 prisons, and only those deprivations denying the minimal civilized measures of life's
26 necessities are sufficiently grave to form the basis of an Eighth Amendment violation."
27 *Wilson*, 501 U.S. at 298. Plaintiff admits that he is allowed in-person visits from family and
28 friends, has regular phone privileges, and can correspond via mail with his mother, brother,

1 grandparents, aunts, uncles, and friends. Doc. #142, Ex. A, MacCool Affidavit. Moreover,
2 Plaintiff has not presented any evidence that Defendants knew of any risk to his health or
3 safety as a result of his STG classification or his transfer to New Jersey.[2]

4 As the Supreme Court has noted, "it is neither unreasonable nor unusual for an inmate
5 to serve practically his entire sentence in a State other than the one in which he was
6 convicted and sentenced . . . . Confinement in another State . . . is 'within the normal limits
7 or range of custody which the conviction has authorized the State to impose.'" *Olim v.*
8 *Wakinekona*, 461 U.S. 238, 247 (1983). Because Plaintiff has not shown that his deprivation
9 was sufficiently serious to constitute cruel and unusual punishment, summary judgment will
10 be granted. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004) (transfer of
11 prisoners from Hawaii to Oklahoma did not violate the Eighth Amendment).

12 Because Plaintiff has failed to satisfy the first element of an Eighth Amendment
13 violation, the Court need not address whether Plaintiff has satisfied the second element.

14 **C. Retaliation – Count III.**

15 Plaintiff alleges that Defendants retaliated against him for exercising his constitutional
16 rights. Although Plaintiff does not address this claim directly in his response to Defendants'
17 motion, his memoranda and other filings make clear that the constitutional right at issue is
18 his Fifth Amendment privilege against self-incrimination – Plaintiff claims that Defendants
19 have retaliated against him for refusing to debrief. Doc. #11.

20 In October 1997, Plaintiff was validated as an Aryan Brotherhood member.
21 Doc. #148. Once a prisoner receives an STG classification, he can escape this label only by
22 renouncing his gang membership and successfully completing the debriefing process.
23 Doc. #149, Ex B. Plaintiff appears to argue that in retaliation for him invoking his Fifth
24 Amendment privilege against self-incrimination by refusing to renounce his gang

---

26 [2] Plaintiff provides the Court with a research article written by Dr. Stuart Grassian,
27 M.D. that discusses the negative psychiatric effects of solitary confinement. Doc. #126, Ex.
7. Plaintiff, however, provides no proof that Defendants' knew about this article or its
28 contents, or that they acted in utter disregard of his health and safety.

- 4 -

1 membership and debrief, Defendants continue to punish him by maintaining his STG
2 classification and keeping him in New Jersey. Doc. #11.

3 To establish a claim of retaliation, Plaintiff must allege that he was retaliated against
4 for exercising his constitutional rights and show that the retaliatory action did not advance
5 legitimate penological goals. *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985);
6 *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). Plaintiff's retaliation claim fails
7 because the debriefing process does not implicate Plaintiff's Fifth Amendment privilege
8 against self-incrimination.

9 The "privilege applies when a defendant is compelled to be a witness against himself
10 in his own criminal prosecution or when he is called on to testify in any type of proceeding
11 to answer questions which might serve to incriminate him in any future prosecution." *United
12 States v. Segal,* 549 F.2d 1293, 1999 (9th Cir. 1977). Here, Plaintiff has not been compelled
13 to act as a witness against himself. Rather, he has been afforded an opportunity to receive
14 more lenient treatment from prison officials in exchange for information concerning his gang
15 affiliation and gang activity in prison.[3] The Ninth Circuit has held that a prospect of more
16 lenient treatment in exchange for admitting fault and providing information does not violate
17 the privilege against self incrimination. *See United States v. Gonzales*, 897 F.2d 1018, 1020-
18 21 (9th Cir. 1990) (acceptance of responsibility in exchange for sentencing reduction does not
19 violate the Fifth Amendment). Other courts have applied this analysis to prison debriefing
20 procedures, holding that offering a prisoner more lenient treatment in exchange for his
21 renouncing prison gang affiliations and providing information about gang activities does not
22 violate his Fifth Amendment privilege. *See Baptisto v. Ryan*, 2005 WL 2416356 (D. Ariz.

---

24 [3] ADOC Rule 806.06 provides, "[t]he purpose of a debriefing is not to obtain
25 incriminating criminal information or evidence against the member. The primary objective
is to learn enough about the member and the STG to: [1] convince the Department that the
26 inmate has dropped out of the STG; [2] provide additional information regarding the STG's
27 structure, activity and membership...; [3] provide sufficient information to determine if the
inmate may require protection from other STG members or suspects." Doc. #149, Ex. A,
28 Attachment 1 at 10.

- 5 -

1  Sept. 30, 2005) (discussing authorities); *Galvedon v. Marshall*, 1997 WL 765955 (N.D. Cal.
2  Nov. 12, 1997).[4]

3  Moreover, to establish a violation of the Fifth Amendment, a plaintiff must show more
4  than a merely trifling or imaginary risk of incrimination. *Marchetti v. United States,* 390
5  U.S. 39, 53 (1968); *Baptisto*, 2005 WL 2416356 at 7. Plaintiff has provided no evidence that
6  information provided by him in debriefing would be used by Defendants in a subsequent
7  criminal prosecution. Nor does he provide examples where such incrimination has occurred
8  to other inmates. Because Plaintiff has not established a real threat that debriefing would
9  result in self-incrimination, he has failed to establish a Fifth Amendment right not to debrief.
10  *See Griffin v. Gomez*, 1995 WL 396857 (N.D. Cal. June 29, 1995); *Medina v. Gomez,* 1997
11  WL 488588 at 7 (N.D.Cal. Aug. 14, 1997); *Castrellon v. Gomez*, 1997 WL 361199 (N.D.
12  Cal. June 23, 1997); *Garcia v. Gomez,* 1996 WL 390320 (N.D. Cal. July 3, 1996)*; Zarate
13  v. Bunnell,* 1994 WL 374547 (N.D. Cal. June 30, 1994).

14  The Court concludes that Plaintiff has not established a Fifth Amendment right to
15  refuse debriefing, and therefore cannot assert a retaliation claim based on his refusal to
16  debrief. *Barnett*, 31 F.3d at 815-16. In light of this conclusion, the Court need not address
17  whether Plaintiff's transfer to New Jersey advanced legitimate penological goals.

18  Plaintiff includes an Eighth Amendment component in his retaliation claim, but that
19  portion of the claim fails, as discussed above, because Plaintiff's transfer to New Jersey does
20  not rise to the level of cruel and unusual punishment.

21  **II. Plaintiff's Motion for Summary Judgment.**

22  Plaintiff moves for summary judgment on his Eighth Amendment and retaliation
23  claims. Doc. #126. Because those claims fail for the reasons set forth in this order, the
24  Court will deny Plaintiff's motion for summary judgment.

---

[4] The Ninth Circuit has held in an unpublished opinion that prison debriefing requirements do not violate an inmate's privilege against self-incrimination. *See Castro v. Terhune*, 29 Fed. Appx. 463 (9th Cir. 2001).

**IT IS ORDERED:**

1. Defendants' Second Motion for Summary Judgment (Doc. #148) is **granted**.
2. Plaintiff's Motion for Summary Judgment (Docs. #121, 126) is **denied**.
3. Defendants' Motion to Dismiss Party (Doc. #105) is **denied** as moot.
4. The Clerk of the Court shall terminate this action.

DATED this 23rd day of February, 2006.

*Daniel G. Campbell*
David G. Campbell
United States District Judge